IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAMONE WILLIE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-192 |
| | ) | |
| HAROLD SIMPSON, Correctional Officer I; | ) | |
| JULIAN GREENAWAY, CERT Officer; | ) | |
| ANTOINE NABORS, CERT Officer; | ) | |
| JUSTIN WASHINGTON, CERT Officer; | ) | |
| ANTONIO BINNS, CERT Officer; | ) | |
| LENON BUTLER, CERT Officer; | ) | |
| CLIFFORD BROWN, Correctional Officer I; | ) | |
| DEVON PERRY, Correctional Officer; | ) | |
| JOHN WILLIAMS, Blue Uniform Sgt.; and, | ) | |
| JERRY L. BEARD, Captain, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

**I.     BACKGROUND**

Plaintiff, an inmate incarcerated at Valdosta State Prison in Valdosta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court screened the original complaint

and directed service of process to be effected on ten Defendants based on claims of use of excessive force and deliberate indifference to a serious medical need. (See doc. no. 10.)

When Plaintiff attempted to amend his complaint with nothing more than a two-page "statement," the Court explained Plaintiff was entitled to amend his complaint, but not in a piecemeal fashion. (See doc. nos. 29, 30.) The Court further explained that if Plaintiff intended to amend the controlling pleading in this case rather than simply provide additional facts that he wants to prove, he must submit a complete amended complaint that would supersede and replace entirely his original complaint. (Doc. no. 30, pp. 2-4.) The Court also warned Plaintiff that because the Court would screen any amended complaint, he risked having Defendants or claims dismissed if he left out or changed information in the original complaint. (Id. at 3.) Although Plaintiff's amended complaint did not reach the Court by the deadline for amending, using Plaintiff's signature date of April 2, 2015 and granting him the benefit of the "mailbox rule," the Court will accept and screen the amended complaint. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.").

## II.     SCREENING OF THE AMENDED COMPLAINT

Plaintiff names the following as Defendants in this case: (1) Harold Simpson, Correctional Officer I; (2) Julian Greenaway, Corrections Emergency Response Team ("CERT") Officer; (3) Antoine Nabors, CERT Officer; (4) Justin Washington, CERT Officer; (5) Antonio Binns, CERT Officer; (6) Lenon Butler, CERT Officer; (7) Clifford

Brown, Correctional Officer I; (8) Devon Perry, Correctional Officer I; (9) John Williams, Blue Uniform Sergeant; and (10) Jerry L. Beard, Captain.[1] (See doc. no. 35, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 24, 2013, at 11:55 a.m., Defendant Perry intentionally put a restraint too tight on Plaintiff's left wrist, cutting it and causing it to swell. (Id. at 5.) Defendant Simpson then struck Plaintiff several times "with a closed fist" on the right side of his head. (Id.) Defendants Brown, Williams, Binns, Washington, Butler, Nabors, Greenaway, Perry, Simpson and "several more" began to assault Plaintiff by punching, grabbing, and throwing him. (Id.) Pursuant to Defendant Beard's instructions, Defendants Greenaway, Nabors, Washington, Binns, and Butler then took Plaintiff to the elevator and beat him. (Id.) Next, these Defendants "took [Plaintiff] off the elevator to medical, where a nurse told him there was a hole in his right ear drum." (Id. at 6.) While the nurse was examining Plaintiff for other injuries, Defendant Butler stopped the examination, said Plaintiff refused medical treatment, and escorted Plaintiff to lockdown. (Id.) Plaintiff seeks compensatory and punitive damages from each Defendant in their individual capacity. (Id. at 7.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated an Eighth Amendment claim against all Defendants for use of excessive force.

---

[1]The Court **DIRECTS** the **CLERK** to update the docket with the correct first and last names of the Defendants as listed above, which is consistent with Plaintiff's amended complaint and the answers of Defendants to the original complaint. (See doc. nos. 22, 34, 35.)

3

See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Plaintiff has also arguably stated a claim for deliberate indifference to a serious medical need against Defendant Butler. See Farmer v. Brennan, 511 U.S. 824, 834-39 (1994).

In a simultaneously issued Report and Recommendation, the Court recommends dismissal of the claim for deliberate indifference to a serious medical need as to Defendants Beard, Greenaway, Nabors, Binns, and Washington. This is because Plaintiff's amended complaint clarifies that only Defendant Butler allegedly prevented Plaintiff from receiving treatment.

Because the Court previously directed service of process on all Defendants, and all Defendants are now represented by counsel, the Court need not repeat its instructions regarding case progression first provided to Plaintiff on December 17, 2014. (See doc. no. 10.) However, the Court notes that Plaintiff's amended complaint does not contain a certificate of service and re-iterates to Plaintiff that he must serve a copy of every further pleading or other document submitted to the Court upon the defense attorney. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or his counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Failure to include an appropriate certificate of service on any future filing may result in summary denial of any request for action that may be in that filing. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[2] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*),the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down

4

## III. CONCLUSION

Plaintiff's amended complaint (doc. no. 35) supersedes and replaces in its entirety the previous complaint filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). The Court has herein screened Plaintiff's amended complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff has arguably stated an Eighth Amendment claim against all Defendants for use of excessive force and a claim for deliberate indifference to a serious medical need against Defendant Butler. Because it is not clear that Plaintiff served his amended complaint on defense counsel, Defendants shall have fourteen days from the date of this Order to answer the amended complaint. See Fed. R. Civ. P. 15(a)(3).

SO ORDERED this 7th day of May, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

prior to the close of business on September 30, 1981.