IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAMONE WILLIE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-192 |
| | ) | |
| HAROLD SIMPSON, Correctional Officer I; | ) | |
| JULIAN GREENAWAY, CERT Officer; | ) | |
| ANTOINE NABORS, CERT Officer; | ) | |
| JUSTIN WASHINGTON, CERT Officer; | ) | |
| ANTONIO BINNS, CERT Officer; | ) | |
| LENON BUTLER, CERT Officer; | ) | |
| CLIFFORD BROWN, Correctional Officer I; | ) | |
| DEVON PERRY, Correctional Officer; | ) | |
| JOHN WILLIAMS, Blue Uniform Sgt.; and, | ) | |
| JERRY L. BEARD, Captain, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Valdosta State Prison in Valdosta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court screened the original complaint

and directed service of process to be effected on ten Defendants based on claims of use of excessive force and deliberate indifference to a serious medical need. (See doc. no. 10.)

When Plaintiff attempted to amend his complaint with nothing more than a two-page "statement," the Court explained Plaintiff was entitled to amend his complaint, but not in a piecemeal fashion. (See doc. nos. 29, 30.) The Court further explained that if Plaintiff intended to amend the controlling pleading in this case rather than simply provide additional facts that he wants to prove, he must submit a complete amended complaint that would supersede and replace entirely his original complaint. (Doc. no. 30, pp. 2-4.) The Court also warned Plaintiff that because the Court would screen any amended complaint, he risked having Defendants or claims dismissed if he left out or changed information in the original complaint. (Id. at 3.) Although Plaintiff's amended complaint did not reach the Court by the deadline for amending, using Plaintiff's signature date of April 2, 2015 and granting him the benefit of the "mailbox rule," the Court will accept and screen the amended complaint. See Houston v. Lack, 487 U.S. 266, 276 (1988) (deeming prisoner document filed on the date of delivery to prison officials for mailing); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary . . . we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.").

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names the following as Defendants in this case: (1) Harold Simpson, Correctional Officer I; (2) Julian Greenaway, Corrections Emergency Response Team ("CERT") Officer; (3) Antoine Nabors, CERT Officer; (4) Justin Washington, CERT

Officer; (5) Antonio Binns, CERT Officer; (6) Lenon Butler, CERT Officer; (7) Clifford Brown, Correctional Officer I; (8) Devon Perry, Correctional Officer I; (9) John Williams, Blue Uniform Sergeant; and (10) Jerry L. Beard, Captain. (See doc. no. 35, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 24, 2013, at 11:55 a.m., Defendant Perry intentionally put a restraint too tight on Plaintiff's left wrist, cutting it and causing it to swell. (Id. at 5.) Defendant Simpson then struck Plaintiff several times "with a closed fist" on the right side of his head. (Id.) Defendants Brown, Williams, Binns, Washington, Butler, Nabors, Greenaway, Perry, Simpson and "several more" began to assault Plaintiff by punching, grabbing, and throwing him. (Id.) Pursuant to Defendant Beard's instructions, Defendants Greenaway, Nabors, Washington, Binns, and Butler then took Plaintiff to the elevator and beat him. (Id.) Next, these Defendants "took [Plaintiff] off the elevator to medical, where a nurse told him there was a hole in his right ear drum." (Id. at 6.) While the nurse was examining Plaintiff for other injuries, Defendant Butler stopped the examination, said Plaintiff refused medical treatment, and escorted Plaintiff to lockdown. (Id.) Plaintiff seeks compensatory and punitive damages from each Defendant in their individual capacity. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction

does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Names Defendants Beard, Greenaway, Nabors, Binns, and Washington in Conjunction with His Deliberate Indifference Claim.

Plaintiff's amended complaint (doc. no. 35) supersedes and replaces in its entirety the previous complaint filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). In his original complaint, Plaintiff alleged that, pursuant to Defendant Beard's instructions, Defendants Greenaway, Nabors, Binns, Washington, and Butler beat him in the elevator, "bust[ed]" his right ear drum, and refused him any medical treatment. (Doc. no. 1, p. 5.) Now, however, Plaintiff specifically states in the amended complaint that the Defendants who beat him on the elevator "took [Plaintiff] off the elevator to medical." (Doc. no. 35, p. 6.) Only Defendant Butler is alleged to have prevented the nurse from providing medical care by interrupting the examination and taking Plaintiff to lockdown. (Id.)

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Even if the Court were to assume for the sake of argument that Plaintiff had obvious injuries from the alleged beating in the elevator that satisfied the objective component of a deliberate indifference claim, Plaintiff's amended allegations against Defendants Greenaway, Nabors, Binns, Washington, and Beard do not satisfy the subjective component. Plaintiff states that the Defendants who allegedly beat him on the elevator took him off the elevator, to the medical department for examination by a nurse. Only Defendant Butler, against whom the deliberate indifference claim remains, is alleged to have interfered with, or otherwise prevented Plaintiff from obtaining medical treatment. Accordingly, the deliberate indifference claims previously allowed to proceed in this case against Defendants Greenaway, Nabors, Binns, Washington, and Beard should be dismissed. As explained in a separately issued order, the claims for use of excessive force shall proceed against all ten Defendants.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's deliberate indifference claims against Defendants Greenaway, Nabors, Binns, Washington, and Beard be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 7th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA