IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| RAMONE WILLIE GREEN, | |
| Plaintiff, | |
| v. | CV 114-192 |
| HAROLD SIMPSON, Correctional Officer I; Julian Greenway, CERT Officer; RODGERICK NABORS, CERT Officer; JUSTIN WASHINGTON, CERT Officer; ANTONIO BINNS, CERT Officer; LENON BUTLER, CERT Officer; CLIFFORD BROWN, Correctional Officer I; JOHN WILLIAMS, Blue Uniform Sgt.; and JERRY L. BEARD, Captain, | |
| Defendants. | |

**ORDER**

Presently before the Court are five motions filed by Plaintiff: (1) A petition for writ of habeas corpus ad testificandum (doc. 86); (2) a motion to appoint counsel (doc. 88); (3) a second petition for writ of habeas corpus ad testificandum (doc. 90); (4) a motion "For Replacement of Legal Document" (doc. 91); and (5) a motion for extension of time (doc. 92). The Court **DENIES** four and **GRANTS** one of Plaintiff's motions.

The Court **DENIES** both of Plaintiff's petitions for writs of habeas corpus ad testificandum (docs. 86 and 90). The required

proposed pretrial order form, which Plaintiff should have completed on May 14, contains a section asking for the witnesses each party intends to call. The Court will issue any appropriate writs after Plaintiff completes his proposed pretrial order and files it with the Court.

The Court **DENIES** Plaintiff's motion for Replacement of Legal Document (doc. 91). Plaintiff requests that the Court supply him with the subpoena it issued to retrieve security camera footage at Augusta State Medical Prison. As an initial matter, no such document exists. But, even if it did, the Court will not provide free copies of documents in the docket. Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ." (citation omitted)). Should Plaintiff desire additional copies of documents in the record, he can obtain copies of documents from the Clerk of Court at the standard cost of fifty cents per page. He need only send money and the list of copies he wants directly to the Clerk.

The Court **DENIES** Plaintiff's motion to appoint counsel (doc. 88). The Court emphasizes, once more, that Plaintiff has no right to counsel and that appointment of counsel is only appropriate in "exceptional circumstances." For the reasons stated in its previous order (doc. 76), the Court does not find that Plaintiff's case merits the appointment of counsel.

The Court **GRANTS** Plaintiff's motion for extension of time (doc. 92). A previous order by this court required Plaintiff to file his proposed pretrial order by May 14, 2017. (Doc. 77.) It also declared that failure to timely file the proposed order "<u>may</u> result in dismissal of the complaint or answer or in other sanctions determined appropriate by the Court." (Doc. 77)(emphasis added). Plaintiff, however, has not yet filed his proposed pretrial order. Nevertheless, the Court will give Plaintiff the benefit of the doubt, and allow him <u>one</u> more chance to timely file his proposed pretrial order. Thus, the Court instructs the **CLERK** to mail this order, as well as this Court's order dated March 20, 2017 (doc. 77), to Plaintiff's new address as updated in his notice filed May 22, 2017 (doc. 92). Plaintiff **MUST** file a proposed pretrial order by **5:00 p.m. on THURSDAY, JUNE 8, 2017**. If Plaintiff fails to file his proposed pretrial order in accordance with this Court's instructions, his case **WILL** be **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3